Weldon, J.,
delivered the opinion of the court:
In June, 1882, the claimants and the defendants entered into a contract for the repair of light-ship No.'23, which contract is set forth in finding i.
The compensation to be paid for the work specifically provided for by the agreement is $9,929, which has been paid; and the controversy arises out of a claim made by the petitioners for additional work done under said agreement beyond said compensation.
It is specified in the contract “ materials and labor not provided for in the foregoing schedule will be furnished at the *260 current market prices of your vicinity.” Under that provision and the general terms of the contract it is alleged that $7,050.04 of additional work was performed.
Parties agree that the sum of $19,979.04 was expended in doing what work was done, either as belonging to the original schedule or as additional work ; but a contention arose as to how much beyond the sum named in the agreement ought to be charged.
The findings show that, in addition to the sum of $9,929, there has been paid the claimants the sum of $2,354.05, making in the aggregate the sum of $12,283.04, leaving a balance of $4,696; and for that balance this suit is brought. By the terms of the acceptance of the proposition of the claimants the work specified was to be done by day’s work; and while the comi.iensation might fall below the sum of $9,929, it was in no event to exceed that sum. The cost of the labor and material did exceed that sum, but still the petitioners are only entitled to that amount for the schedule work and materials.
The contract is very singular in its provisions, but, such as it is, it must be enforced in determining the rights of the par- • ties. The averments of tin? petition would seem to indicate that the claimants sought to recover against the United States because’of additional work done under that provision of the agreement contained in the acceptance of the proposition of the claimants embraced in the letter of Captain Brown, as set forth in the first finding; but in the trial of the cause it was argued that the petition declared on the obligations of the contract with reference to the work embraced in the terms of the proposition.
It may be that the allegations oí the petition are sufficiently broad to- comprehend both branches of claim. By the terms of the agreement, for certain schedule work the sum of $9,929 was to be paid in case the labor performed and the material furnished amounted to that sum, according to the basis of compensation provided by the agreement, and we find that for the work done and materials furnished the defendants have paid the claimants the sum of $12,283.04.
By the further terms of the contract both parties were required to keep books showing the am ount of labor and material furnished, and in case of any disagreement the books of the defendants were to be ■ preferred. The bill for the work com- *261 píete was to be rendered in the aggregate, and no distinction was to be made between schedule and additional work. The books of the claimants and defendants agreed in every particular, making the aggregate of the work and material$16,979.04, being an excess of $7,050.04 over the $9,929. For that excess the claimants hare-been paid the sum of $2,354.04, and the question for us to determine is, whether they are from the facts and the law entitled to recover the balance of said amount. It It will be seen by the findings that the agent of the defendants paid the claimants the sum in excess of the $9,929 upon the ground that such amount was due them for work not embraced in the schedule of the contract. The parties agreed on 4he amount and value of such work, and it does not appear that any mistake was made by them in adjusting the amount or value of the same.
It is impossible to determine from the schedule contract what are the rights of the parties upon the question whether the work was in excess of the obligation of the claimants, as it does not appear what was done by them beyond what was allowed by the agents of the defendants not falling within the schedule.
The burden of proof on this issue rested on the claimants, and as the facts do not show the amount and value of such excess, if any existed, the presumption of law fixing the extent of the labor and material as coincident with the requirement of the agreement compels us to find that issue for the defendants.
In the contract it is stated u the time to do the repairs will occupy two months.” The time occupied was a little over fourteen, and upon the basis of those facts the United States have filed a counter-claim, alleging damages to the extent of $1,500 for money paid to a superintendent during the time occupied by the work. The record shows that the delay was occasioned by the act of both parties ; and it is a familiar principle of law, applicable alike to contracts and torts, that where a party by his neglect or negligence contributes to an injury he cannot recover unless his negligence is slight as compared with the other party. (Milton v. Hudson River Railroad Company, 37 N. Y., 210; Sedgwick on Measure of Damages, 172, note a; Shearman & Bedfield, 50.)
It was contended by the claimants’ counsel that the wages *262 of a superintendent are not such damages as the defendants have a right to recover because of a delay in finishing the work; but the findings do not make that question material.
.Upon the whole case it is the judgment of the court that the claim and counter-claim be-dismissed.